FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

# UNITED STATES DISTRICT COURT

MAY 0 1 2014

# NORTHERN DIVISION OF GEORGIA

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# ATLANTA DIVISION

*TCB*

**CHAUNCEY HANNIBAL**

**P/K/A**

**CHAUNCEY BLACK**          Case Number:

**Plaintiffs,**            **1:14-cv-1304**

**V.**

**EDWARD THEODORE "TEDDY RILEY"**

**Serve: Edward "Teddy" Riley**

**1770 Bramble Bush Way**

**Suwanee GA, 30024**

**BEATS MUSIC/ENTERTAINMENT, LLC**

**1600 Cloverfield Boulevard Suite 500N**

**Santa Monica, CA 90404**

**UNIVERSAL ATTRACTIONS/BOOKING AGENCY**

**15 West 36th Street 8th Floor**

**New York, NY 10018**

**Defendants**

1

## COMPLAINT

This matter comes before the Court, by and through Chauncey
Hannibal, P/K/A Chauncey Black (Hannibal). Complaint against
Edward "Teddy" Riley, for violations of the Lanham Trademark
Act and state trademark infringement, breach of contract, unfair
competition, and misappropriation of likeliness under the common
and statutory laws of the state of Georgia.

## JURISDICTION AND VENUE

1.  This is an action for trademark infringement under the Landham
    Trademark Act,15 U.S.C § etseq. Copyright infringement under
    17 U.S.C § 101 et seq., trademark infringment under Georgia
    State Law. This court has jurisdiction over the federal issue claims
    under 28 U.S.C. § 1338(a) and pendant jurisdiction over the claims
    arising under state law pursuant to 28 U.S.C. § 1338(b).

2.  This court has personal jurisdiction over Defendant, Edward
    "Teddy" Riley, as he is a resident of the state of Georgia, and
    resides within the federal district of the Northern District of
    Georgia.

2

## PARTIES

3.  Plaintiff Chauncey Hannibal P/BC/A Chauncey Black, is an
    individual residing in Atlanta Georgia and is the sole proprietor of
    all rights in Blackstreet.

4.  Defendant Edward Riley is an individual residing in Atlanta,
    Georgia.

## FACTS COMMON TO ALL COUNTS

### I.      BACKGROUND OF THE MUSICAL GROUP
### BLACKSTREET

5.  Plaintiff Hannibal and Defendant Riley are founding members
    of the musical group Blackstreet. Blackstreet is a multi platinum
    Grammy Award winning American Rand B group founded
    in 1991. The original recording and performing members of
    Blackstreet were Teddy Riley, Chauncey Black, Levi Little, and
    Joseph Stonestreet. Stonestreet was replace shortly therafter with
    Dave Holister, before they began working on their self-titled debut
    album. The name Blackstreet is a combination of the nickname of
    Hannibal (Chauncey Black), and last name of Joseph Stonestreet
    (Street).

6.  Blackstreet recorded four studio albums from 1992 to
    2003.Blackstreet(1994), Another Level (1996), Finally (1999),
    Level II(2003), and a complitaions album No Diggity: The Very
    Best of Blackstreet(2003).Blackstreet now consists of Riley,
    Dave Hollister, Sherman "J-Stylz"  Tinsdale, Glenn Adams a/k/
    a Lenny Harold, and Monte Mitchell a/k/a Tony Tyler, However

3

they continue to use the Blackstreet moniker even though Hannibal
owns the name.

7. The primary creative sources for Blackstreet's work are Riley and
Hannibal. At no time should any other member assume this duty
without approval of Hannibal and Riley.

## II.    THE BLACKSTREET TRADEMARK AND
COPYRIGHTS

8. Blackstreet at all times pertinent to this matter, performed under
the "Mark" Blackstreet. In 1992, Riley filed an application
with the United Stes Trademark Office for the word Trademark
"Blackstreet"(the "Mark") in 1992, for entertainment services in
the nature of instrumental and vocal group." The Mark was granted
U.S. Registration No. 2075927 on July 1, 1997 in International
Class 041.

9. Registration No. 2075927 was cancelled on April 4, 2008 but
re-registered by Hannibal, with a filing date of April 30, 2009
and a registration date of November 16, 2011. The current U.S.
Registration No. is 3877629. The cancellation was a result of
abandoned by Riley. A copy of the current registration is attached
herein as Exhibit 1.

10. Hannibal is the sole proprietor of the trademark "Blackstreet"

11. Copyright registration for the performing rights for the Blackstreet
material being performed by Riley, are currently held by
Hannibal(the "Copyright") formation and belief, in which

4

Riley has performed songs covered by Copyright Registration PA0000717216, PA00008328888, PA0000875587, and ithers to be identified.

12. No copyrights have been claimed by Riley since Hannibal  filed registration in 2009. All rights in the Mark "Blackstreet" and in the intellectual properties are owned by Hannibal.

### III.      INFRINGING ACTIVITY AND CONTRACT BREACH BY RILEY

14. March 2013 to present, Riley has often held himself with several work for hire performers to be Blackstreet, and used the "Mark" Blackstreet to advertise their performances without prior consent and authorization of Blackstreet per contractual agreement. See Exibit 2. As recently as May 2013, Riley has advertised himself and others and performed as Blackstreet. Exhibit 4(Blackstreet Concert Schedule).

15. Riley has also used without prior consent or authorization images of Hannibal in advertising their infringing performances. See Exhibit 3.

16. Hannibal who is a founding member of Blackstreet, has been unable to perform with Blackstreet do to Riley's uncooperation. Riley has refused to perform with Hannibal, causing some concerts that were previously booked to be cancelled. On several occassions Riley refused to perform because Hannibal was in attendance; fullfilling his contractual obligations with promoters and to peform for his fans. Riley's actions made him unable to perform his duties.

17. Riley has repeatedly ignored phone calls and emails to stop using the Blackstreet "Mark". Riley has continued to go on a U.S. tour, and performed overseas with other members of Blackstreet without Hannibal's consent. The group performs as "Blackstreet", also Teddy Riley: Featuring Blackstreet, and Blackstreet featuring Teddy Riley and Dave Hollister.

18. At no time should Blackstreet consist less than Riley and Hannibal,  both Hannibal and Riley agree that unless put in writing ,that neither shall hold themselves out to be, record, create, perform, or otherwise act independently under the name, the likeliness of Blackstreet, or connected to Blackstreet in any other manner. Riley is in  breach of the operations agreement that  he and Hannibal signed. See Exhibit 2.

19. Riley continues to tour the world as "Blackstreet" and has future concert dates scheduled over the next year.

## IV.  THE V101.1 INTERVIEW GIVEN BY RILEY

20. On or about March 10, 2013 Riley called in to V101.1 radio station to give an interview With "Big Al" of V101.1. The offices are loacted in Sacremento California.

21. Riley was interviewed to shed light on rumors regarding  if Blackstreet would be performing at the Mother's Day show in Sacremento on May 12, 2013, at the Woodlake Hotel.

22. The interview entitled,  ''Big Al talks to Teddy Riley of Blackstreet and can be found by using the link http://www.v101fm.com/pages/big-al.html?article=11276262.

6

Additionally it can be found on the radio station's V101.1 website.

23. During the recorded phone call interview given by Big Al Riley stated:

   a. That he would be performing with Dave Hollister as Blackstreet.

   b. The show would be performed on Mother's Day 2013 .

   c. Riley acknowledged that fans were afraid that "Blackstreet" would not be performing.

   d. He assured "Big Al" and the fans, that he and Hollister would be there as Blackstreet, Riley stated ''Go get your tickets''.

24. Despite Riley knowing that Blackstreet consists of he and Hannibal ,and other members appointed by " Blackstreet," Riley misled the public by saying that Blackstreet would be there, even though Hannibal would not be in attendance. Several advertisements for this event feature Hannibal's picture with former Blackstreet members. Exhibit 3.

25. This is causing direct and proximitate damage to the plaintiff, and defendant has and will continued to violate Plaintiffs rights. This is causing continuing monetary and reputational damage to Blackstreet and Hannibal.

## COUNT I: EMBEZLEMENT OF PUBLIC MONEY, PROPERTY OR RECORDS UNDER 18 USC § 64

26. Plaintiff incorporates the preceding paragraphs as through fully restated herein.

27. On July 20, 2012, Riley committed embezzlement of Blackstreet funds, by using a personal account of road manager (Micheal "Bull" Williams) sister ,Victoria Williams. Riley authorized the use of her personal account, for deposits of Blackstreet's fund. When he knew this would be unethical. This shows an intentional intent to deceive See Exhit 5.

28. Riley instructed Micheal "Bull" Williams to place funds in his sisters account, in attempt to defraud the government and "Blackstreet," and Hannibal.

29. Once these acts were discovered by Hannibal, Riley later tried to cover up these acts, by terminating Bull Willams see Exhibit 6.

30. To date Bull Williams was rehired by Riley, and continues to serve as Blackstreet's road manager.

31. Plaintiff has no adequate remedy at law.

## COUNT II: TRADEMARK INFRINGEMENT OF BLACKSTREET U.S. TRADEMARK REGISTRATION NO. 3877629 UNDER 15 U.S.C. §1114

32. Plaintiff incorporates the preceding paragraphs as through fully restated herein.

33. Chauncey Hannibal, is the owner, by assignment, of Trademark Registration No. 3877629 (the "Mark" or " Blackstreet"). The Mark covers "entertainment services in the nature of instrumental

and vocal group.

34. The Registration for the Mark is valid, subsisting, and Defendant is on notice of Chauncey Hannibal ownership of the Mark as well as on notice of their infringing activity.

35. Defendant has been and plans to continue to use the Mark without Plaintiff's consent.

36. Defendants infringement is knowing, willful, and intentional, intended to cause confusion, mistake, and deceive.

37. As a direct and proximate result of the acts of the Defendant, Plaintiff has been damaged in amount to be proven at trial.

38. As a result of Defendant knowing, willful and intentional infringement, Plaintiff is entitled to recover treble damages and attorney's fee under 15 U.S.C. §1117(b).

## COUNT III. FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, UNFAIR COMPETITION
## 15 .S.C. § 1125(a).

39. Plaintiff incorporates the preceding paragraphs as though fully restated herein.

40. Defendant has used the name and Mark "Blackstreet" in such a manner as to create actual confusion and likelihood of confusion among prospective consumers and/ or purchasers of the service provided by Plaintiffs, causing the customers and/or purchasers to mistakenly believe that Defendant is providing good and/or service that are rendered, sponsored by, associated with, or approved by Chauncey Hannibal.

9

41. Defendant has harmed the good will of Plaintiff in the name and Mark Blackstreet, causing immediate and irreparable harm to the Plaintiff. Hannibal has been unable to perform with Blackstreet due to Riley refusing to perform. This not only is a breach, it also creates a conflict of interest with promoters and fans who expect to see if Hannibal perform in Blackstreet.

42. The use of the name and Mark Blackstreet by Defendant constitutes false destination of origin, false advertising, and/or unfair competition under 15 U.S.C. § 1125(a).

43. Riley occassionally refers to Blackstreet as "BS2", as in Blackstreet 2, which creates unfair competition with Blackstreet and confuses the consumer. On all tour dates the group is listed as "Blackstreet."

44. The actions of Defendant has caused and continue to cause the Plaintiff to suffer irreparable injury, including confusion, mistake, and deception in the consuming public, as well as the loss of good will and buisness reputation for the Plaintiff and the name and Mark Blackstreet.

45. The actions of the Defendant continues to harm and deceive the consuming public, so long as Defendant continues his unlawful acts.

46. Defendant acts are willful, knowing, and malicious.

47. Plaintiff is entitled, in addition to injunction and other equitable relief to damages in amount to be proven a trial.

48. Plaintiff is additionally entitled to treble damages, attorneys fees and costs if applicable under 15 U.S.C. § 1117 (a).

## COUNT IV: TRADEMARK/ SERVICE MARK DILUTION
## UNDER USC §1125 (b)

49. Plaintiff hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

50. The Mark Blackstreet is famous within the meaning of the Trademark Dilution Revision Act of 2006.

51. Defendants use of the Mark Blackstreet has lessened and will continue to lessen the capacity of the Plaintiff's famous and distinctive Mark BLACKSTREET, to distinguish Blackstreet from others, Hannibal is an original founding member of Blackstreet, and the Mark Blackstreet cannot be used without Hannibal. In fact Hannibal has not given any authorization to use the Mark.

52. Defendants conduct as alleged above is likely to cause, and has caused, blurring and impared the distinctiveness of the Mark Blackstreet. Consumers are likely to associate, and have already associated Defendants use of the Mark BLACKSTREET without Hannibal as a member itself.

53. Defendants conduct as alleged above is also likely to and has caused tarnishing of the Mark Blackstreet that harms the reputation of the Mark BLACKSTREET and Hannibal.

54. Riley has derived and continues to derive substantial revenue and profits from past and ongoing dilution of the Mark BLACKSTREET, as a result of his unauthorized uses of the Mark BLACKSTREET.

55. Defendants use of the Mark BLACKSTREET constitues dilution in violation of Section 43 (c) of the Lanham Act, 15 U.S.C. 1125(c).

56. Defendants dilution of the Mark BLACKSTREET has caused the Plaintiff damages in an amount to be determined at trial. For example and without limitation, Riley has been unjustly enriched through his unlawful and unauthorized use of Mark BLACKSTREET.

57. Plainiff has no adequate remedy at law.

## COUNT V: CONTRIBUTORY TRADEMARK INFRINGEMENT

58. Plaintiff incorporates the preceding papragraphs as through restarted herein.

59. Defendant, by and through his actions, has intentionally induced others to infringe on Plaintiff's Mark BLACKSTREET.

60. Defendant, by and through his actions, has performed and continues to perform where the performances have been advertised and/or marketed by others under the name and Mark Blackstreet despite knowing that to do so is engaging in trademark infringement.

61. As a direct and proximate result of the acts of the Defendant, the Plaintiff has damages in an amount to be proven at trial.

62. Plaintiff have no adequate remedy at law.

## COUNT VI: COPYRIGHT INFRINGEMENT

63. Plaintiffs incorporate the preceding paragraphs as through fixlly restated herein.

64. Plaintiff is the individual  owners of U.S. Copyright Registrations No. PA0000717216; PA00009328888; PA0000875587 and others.

65. Defendant has knowingly and willfully infringed those Copyrights by performing the songs and music proected by the Copyrights.

66. Plaintiff has been and continues to be harmed by Defendants prior and continuing copyright infringement in an amount to be determined at trial, and Plaintiffs are entitled to recover actual and punitive damages, for Defendants willful copyright infringment.

67. In the alternative, Plaintiff is entitled to recovery of statutory copyright infringment damages.

## COUNT VII: TRADEMARK INFRINGEMENT
## UNDER GEORGIA LAW

68. Plaintiff incorporates the preceding paragraphs as through fully restates herein.

69. Plaintifff possess valid, prior- established trademarks entitled to protection under Georgia law.

70. Defendant has continued to use the name and Mark BLACKSTREET despite constructive and actual notice that the Mark Blackstreet is a valid Mark, owned by Plaintiff.

71. Defendant has been and plans to continue to use the Mark without Plaintiff's consent.

72. Defendants infringement is knowing, willful, and intentional, and intended to cause confusion, mistake, and or/deceive.

73. Defendants acts, as described above, constitute trademark infringement of the Mark BLACKSTREET unders Georgia law, resulting in irreparable injury to Plaintiffs.

74. Defendant is also liable for contributory trademark infrigement of the BLACKSTREET trademark under Georgia law.

75. Defendants infrigement has damaged the Plaintiff in an amount to be determined at trial. For example and without limitation, Defendant has been unjustly enriched through his unlawful and unauthorized use of the Mark BLACKSTREET.

76. Defendants infringement has caused and, unless retrained by this Court will continue to cause Plaintiffs irreparable injury.

77. Plaintiffs have no adequate remedy at law for Defendants infringement of his common law trademark right.

## COUNT VIII UNFAIR COMPETITION
## UNDER GEORGIA LAW

78. Plaintiff hereby reallages and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

79. Defendant has used the Mark BLACKSTREET unfairly to the detriment of Plaintiff. Defendants use of the Mark BLACKSTREET is likely to and has confused consumers of Plaintiffs services.

80. As a result of Defendants conduct, Plaintiffs have suffered and will continue to suffer damages, including reputational damages because of consumer confusion as to the origin or sponsorship of the performance by Defendant. For example, and without limitation Defendant has unjustly enriched through his unlawful and unauthorized sales of the Mark BLACKSTREET.

81. Defendants infringement has caused and unless restrained by this Court, will continue to cause Plaintiffs irreparable injury.

82. Plaintiffs have no adequate remedy at law.

## COUNT IX VIOLATION OF GEORGIA CODE §13-8-14

83. Plaintiff hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

84. Defendants acts as described above violate Georgia Code §13-8-14.

85. Riley has entered into an agreement and mutually undertaken the acts described above for the purpose of willfully and maliciously injuring the Plaintiff in his trade and/or business. Riley entered into this intentionally, purposefully, and without lawful jurisdiction.

86. Specifically, Riley entered into an agreement whereby he would use the Mark BLACKSTREET to market and/or advertise his performances and perform as "Blackstreet." He did so knowing that the Mark BLACKSTREET is valid and entitled to protection under federal and state law and that use of Mark would cause confusion.

87. Further, Riley entered into an agreement whereby he would market and advertise himself using the names and likeness of Hannibal knowing that he had no permission to do so.

88. Riley entered into the agreement knowing that his acts were unlawful and with the intent to malicously injure the Plaintiff..

89. Riley's violation of Georgia Code §13-8-14 has caused the Plaintiff damages in an amount to be determined at trial.

90. Riley's violation of the Georgia code has caused and unless restrained by this Court, will continue Plaintiff irreparable injury.

91. Plaintiff has no adequate remedy at law.

## COUNT X
### VIOLATION OF RIGHT OF PUBLICITY

92. Plaintiff hereby realleges and incorporates by reference the allegations of preceding paragragphs as if fully set forth herein.

93. Riley's acts as described above violate Hannibal's right of publicity violating "BLACKSTREET" name and likeness.

94. Specifically, Riley has knowingly misappropriated the name and likeness of Hannibal as part of his marketing and advertising for his performances.

95. Riley has not sought or received consent, written or otherwise, for the use of Hannibal's name or likeness in his advertisements for Blackstreet.

96. Riley's violation has caused Hannibal damage in an amount to be determined a trial, including explemplary damages

97. Riley's violation has caused and unless restrained by this Court, will continue to cause Hannibal irreparable injury.

98. Hannibal has no adequate remedy at law.

## COUNT XI VICARIOUS LIABILITY

99. Plaintiff hereby realleges and incorporates by reference the allegations of preceding paragraphs as if folly set forth herein.

100.      Riley had the right and the ability to supervise the activities of the promoters and other agents involved in his advertising and marketing ,and the unlawful actions by those advertisers, marketers and promoters were expressly or implied directed by Riley and/ or the activities of the promoters, marketers and advertisers were naturally incident to Riley's interests.

101.      Riley had a direct and obvious financial interest in the unlawful activities by the promoter.

102.      Riley knew of or willfully ignored the unlawful acts by the promoters, marketers, and advertisers. The unlawful acts caused and, unless restrained by this Court, will continue to cause Plaintiffs irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chauncey Hannibal prays for judgement
in his favor against Riley and for an Order of the Court:

A. Granting a strict preliminary and permanent injunction  which
is enforceable by Georgia state law, restraining Defendant, his
promoters, work for hire employees, officers, directors, agents,
servants, other forms of employees, successors, all parties the
defendant assigns, and all others in concert privity with said parties
from the following:

i.     infringing or causing any other entity or individual to infringe on
the Mark BLACKSTREET;

ii.    directly or indirectly using Plaintiffs Mark BLACKSTREET,
or other terms confusingly similar, for any musical or other
performances, appearance, or in any other manner.

iii.     directly or indirectly advertising or offering to sell or causing, adding, abetting or contributing to any advertisement, marketing, or promoting performance or other services with the Mark BLACKSTREET;

iv.     diluting Plaintiff's trademark rights.

v.     infringing and/or performing in any manner that will infringe the copyrights belonging to Plaintiff

vi.     unfairly competing with Plaintiff in any manner and/or

vii.     using the names and/or likeliness of Hannibal for advertising, marketing, or promotional purposes.

B.     Directing an accounting to determine all gains, profits, savings and advantages obtained by Riley as a result of his wrongful actions.

C.     Awarding Plaintiff restitution of all gains, profits, savings, and advantages obtained by Riley as a result of his wrongful actions, in an amount to be proven at trial.

D.     Awarding Plaintiff all damages by Defendants wrongful actions;

E.     Awarding Plaintiff treble the amount of its damages, together with the costs of this suit, including reasonable expenses and prejudgment interest, pursuant to all other applicable provisions and principles of federal Georgia law.

F.     Awarding Hannibal a dissolution of the partnership agreement that is in breach by Riley. In Riley's conclusion he states that he no longer wants to be in a partnership with Hannibal. See Exhibit 5.

G. Awarding Plaintiff an amount sufficient to conduct a corrective advertising campaign to dispel the effects of Riley's wrongful conduct and confusing and misleading advertising.

H. Directing Riley to file with this Court and serve on Plaintiff within (30) days after the service injunction, a report in writing under oath, that describes in detail the manner and form in which they have complied with the orders of this Court, and

I. Awarding Plaintiff punitive and/or exemplary damages in 2.5 million dollars, which is an amount sufficient to deter future similar acts by Riley, and others.

## JURY TRIAL DEMANDED

CHAUNCEY HANNIBAL

5168 McEver View Drive

Sugar Hill, GA 30518